(No. 2574—

ERNA WILBUR, AS ADMINISTRATRIX OF THE ESTATE OF SPENCER L. WILBUR, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 9, 1936.*

E. D. HARDY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed her complaint herein on January 12th, 1935 and seeks to recover the sum of Twenty-Five Thousand Dollars ($25,000.00), as financial help or assistance on account of the death of her husband while in line of duty as a member of the Illinois National Guard;—in accordance with the provisions of the Military Code of this State.

From the record in this case the following facts appear:—

That on August 11th, 1934 claimant's intestate, Spencer L. Wilbur, was an enlisted member of Battery A, 123d Field Artillery, Illinois Nation Guard, having a rating of first-class private and fifth-class cook.

That said Spencer L. Wilbur originally enlisted in Company C, 6th Infantry, Illinois National Guard, from March 22d, 1911 to March 21st, 1914; that he re-enlisted in said Company on April 22d, 1914, and remained a member of said Company until April 16th, 1917, at which time he was discharged by reason of dependents; that he re-enlisted in Battery A, 123d Field Artillery, on October 12th, 1928, and remained an enlisted member of said Company to the time of his death.

That on August 11th, 1934 said Battery A was attending the annual encampment at Camp Grant; that on said date said Spencer L. Wilbur, while returning to camp from Rockford, by automobile, to attend muster at four o'clock p. m., sustained accidental injuries as the result of an automobile accident occurring within the boundaries of said Camp Grant; that he died as the result of such injuries on October 12th, 1934 at St. Anthony's Hospital, Rockford, Illinois.

That the Military Board which investigated the matter found that Spencer L. Wilbur at the time of the accident was "in line of duty."

That said Spencer L. Wilbur left him surviving Erna Wilbur, his widow, and three daughters, aged two, five and ten years respectively.

That said Spencer L. Wilbur at the time of his death was 43 years of age; that his widow was 33 years of age; that

said Spencer L. Wilbur left no real estate and no personal property aside from a small amount of household furniture and furnishings of a value not in excess of $200.00; that he left a policy of insurance in the amount of $1,000.00, of which $200.00 was required to settle up the debts and claims against his estate, and the further sum of $200.00 was required to pay the expense of an operation on the oldest child; that said Erna Wilbur has no relatives who are able to provide for her support and maintenance or who are able to render financial assistance to her or to her children.

That Spencer L. Wilbur prior to the accident in question, was in perfect health; that at the age of eighteen years he was employed by the Chicago, Burlington and Quincy Railroad Company and continued in the employ of said Company until about two years prior to the date of his death; that during the last few years he worked for said Railroad Company he was employed as an electrician and earned from $70.00 to $80.00 every two weeks; that, subsequently, by reason of the seniority rule, he was demoted on account of the number of men seeking employment, and just prior to the time he was laid off, was earning about $40.00 every two weeks; that between the time he was laid off by the Railroad Company and the time of his death, he had been unable to find any regular employment, except that for about a year prior to his death he was employed as a part time cook at a cafe in Galesburg, for which he was paid $12.00 per week; that in addition to such part time work he performed such other odd jobs as he could obtain, and at one time was employed by the Federal relief agency as an electrician.

Section Eleven (11) of Article Sixteen (16) of the Military and Naval Code of this State provides as follows:

"In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed while performing his duty as an officer or enlisted man in pursuance of orders from the commander in chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand."

The Military Board which was convened in accordance with law, found that the claimant's intestate at the time of the accident which caused his death, was "in line of duty," and we see no reason for departing from the conclusion reached by such Board.

The only question involved, therefore, is the question of the amount which the claimant, as Administratrix of the estate of said decedent, is entitled to recover in the way of financial help and assistance, in accordance with the provisions of the aforementioned section of the Military Code.

The Attorney General takes the position that the amount should be fixed in accordance with the provisions of the Workmen's Compensation Act of this State, which, under the facts stipulated, would be Thirty-Two Hundred Dollars ($3,200.00.)

A similar question has arisen in several other cases which have come before this court, and on some occasions the provisions of the Workmen's Compensation Act of this State were accepted as a guide in determining the amount to be allowed under the facts in evidence in those particular cases. In each of such cases, however, the amount awarded was recognized as being in accordance with the merits of such case.

There is nothing in the Workmen's Compensation Act or in the Military Code which provides that this court shall be governed by the provisions of the Workmen's Compensation Act in fixing the amount of the award in cases of this kind. The statute provides that the amount shall be "as the merits of each case may demand."

Considering the age of the claimant's intestate, the age of his widow, the number of his children and their respective ages, the financial worth of the decedent, the financial worth of his widow and the relatives from whom she might expect to receive financial aid, and all of the facts and circumstances appearing in the record, we feel that an award of Fifty-Five Hundred Dollars ($5,500.00) would be fair and reasonable, and would be in accordance with the merits of the case.

Award is therefore entered in favor of the claimant for the sum of Fifty-Five Hundred Dollars ($5,500.00).